UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DAVID ALLEN WARD**                                                                                 **PLAINTIFF**

v.                                                                              **CIVIL ACTION NO. 3:11CV-P437-S**

**CORRECTCARE INTEGRATED HEALTH, INC.** *et al.*                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, David Allen Ward, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss all of Plaintiff's claims, except for his Eighth Amendment deliberate indifference claims against Dr. Washington and Dr. Shrock in their individual capacities.

### I. SUMMARY OF CLAIMS

Plaintiff is an inmate at the Kentucky State Reformatory (KSR). He sues Correctcare Integrated Healthcare, Inc. (Correctcare); Dr. Frederick Kemen; Dr. Scott A. Haas; Dr. Roy Washington; Dr. Marcia Lynne Shrock; Dr. Doug Crall; and Pill Call Nurses[1] Roshelle, Miss Tekse, and Miss Lucy. He sues each Defendant, except for Haas and Crall, in their individual and official capacities. He does not indicate in which capacity he sues Haas or Crall. Plaintiff

---

[1] On the third page of the complaint form, Plaintiff also lists as defendants Pill Call Nurses Dale and Jason. According to Fed. R. Civ. P. 10(a), however, "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint **must name all parties**; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a) (emphasis added). Because Dale and Jason are not listed in the caption of the complaint, they are not properly named defendants and are not parties to this action.

states that Defendants have violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause and shown deliberate indifference to his serious medical needs.

Plaintiff states that he "keep[s] running out of my pain medicine. I even been denied of my pain medicine because it was a narcotic. Forcing me to be in some really severe pain for days, weeks and even months at times." Plaintiff states that he experiences severe pain in his neck and back, that his neck "pops," and that he has severe headaches due to a fall in which he was severely injured. Plaintiff states that "Dr. Washington lift and he let me run out of the pain medicine more than several times." He states further that Dr. Shrock would not let him have Darvocet and that he was "in some really severe pain for 7 to 8 weeks." He states that Kemen, Haas, and Crall saw all of his grievances but "did not do anything to help me with the problem I was having with my medication." Plaintiff states that he went without medicine for 63 days.

As relief, Plaintiff seeks $100,000 in compensatory damages and $100,000 in punitive damages "for pain and suffering and to help with medical bills when the plaintiff get out."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.** **<u>Official-capacity claims</u>**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Kemen, Washington, Shrock, Haas, Crall,[2] and the Pill Call nurses are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Kemen, Washington, Shrock, Haas, Crall, and the Pill Call nurses will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

---

[2]Plaintiff fails to specify in which capacity he sues Haas or Crall. Because Plaintiff references Haas and Crall in the context of their official positions, the claims will be construed as brought against them in their official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied). Regardless of the capacity in which Plaintiff seeks relief, however, the claims against Haas and Crall must be dismissed for the reasons stated herein.

**B.**     <u>Individual-capacity claims against Kemen</u>

Plaintiff sues Kemen based on his handling of Plaintiff's medical grievances and appeals. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment.

Moreover, to the extent Plaintiff wishes to hold Kemen or any other Defendant liable as supervisors, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 694; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  "[L]iability of supervisory personnel must be based on more than merely the right to control employees."  *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982).  "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).  Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"  *Shehee v. Luttrell*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Kemen directly participated in any incidents of misconduct.  His allegations concern only Kemen's denial of his grievances and failure to act.  Accordingly, Plaintiff's § 1983 individual-capacity claims against Kemen must be dismissed for failure to state a claim upon which relief may be granted.  The same reasons would also require dismissal of any individual-capacity claims against Haas or Crall if Plaintiff brought such claims against them, as well.

### C.   Correctcare and individual-capacity claims against Pill Call nurses

The complaint makes no reference to Correctcare except in the portions of the complaint where Defendants are to be listed.  Plaintiff states no facts regarding Correctcare's personal

involvement in the events giving rise to the complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Correctcare, the claim against it will be dismissed for failure to state a claim upon which relief may be granted.

Further, Plaintiff only makes a vague reference to the Pill Call nurses in his statement of the claim. He states that "some one some where was not doing their job right and because of that I run out of the medication that I really needed, and the Pill Call Nurse I can not get their hold and reall names." Plaintiff does not identify which Pill Call nurse was involved in the events or in what manner any Pill Call nurse was personally involved in the events to satisfy the Federal Rules of Civil Procedures' notice requirement. *See Sorema*, 534 U.S. at 514.

Moreover, in the grievances Plaintiff attaches to his complaint, it appears that the Pill Call nurses were not responsible for prescribing or stopping his medication. At most, based on Plaintiff's statements in his grievances, Plaintiff could argue that the Pill Call nurses were negligent in not locating his medication. The Eighth Amendment is not implicated by a state official's mere negligent acts where no deliberate indifference is alleged by the plaintiff. *Daniels v. Williams*, 474 U.S. 327 (1986). In *Daniels*, the Supreme Court explained:

> We think that the actions of prison custodians in leaving a pillow on the prison stairs, or mislaying an inmate's property, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law . . . Where a government official's act causing injury to life, liberty, or property is merely negligent, "no procedure for compensation is constitutionally required."

*Id*. at 332 (internal citations omitted). Therefore, Plaintiff's individual-capacity claims against the Pill Call nurses will be dismissed for failure to state a claim upon which relief may be granted.

### D.  Individual-capacity claims against Washington and Shrock

Upon review, the Court will allow Plaintiff's individual-capacity § 1983 claims against Washington and Shrock alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment to proceed for further development. In permitting these claims to proceed, the Court passes no judgment on their ultimate outcome.

### IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims against Dr. Frederick Kemen, Dr. Scott A. Haas, Dr. Roy Washington, Dr. Marcia Lynne Shrock, Dr. Doug Crall, and Pill Call Nurses Roshelle, Miss Tekse, and Miss Lucy are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from a Defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Kemen and Pill Call Nurses Roshelle, Miss Tekse, and Miss Lucy and his claim against Correctcare

Integrated Healthcare, Inc. are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against Correctcare Integrated Healthcare, Inc., Kemen, Haas, Crall, and Pill Call Nurses Roshelle, Miss Tekse, and Miss Lucy, the Clerk of Court is **DIRECTED** to **terminate** them from the action.

The Court will enter a separate Scheduling Order governing the development of the remaining claims.

Date:


cc:     Plaintiff Ward, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.010