UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DAVID ALLEN WARD**                                                                                           **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 3:11CV-P437-S**

**CORRECTCARE INTEGRATED HEALTH, INC.** *et al.*                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion for reconsideration (DN 11) and motion to amend the complaint (DN 22) by Plaintiff. In Plaintiff's motion for reconsideration, he requests that the Court reconsider its dismissal of Correctcare Integrated Health, Inc. (Correctcare) and Drs. Frederick Kemen, Scott Haas, and Doug Crall, whom the Court dismissed upon initial review of the complaint pursuant to 28 U.S.C. § 1915A. In his motion to amend, Plaintiff seeks to state additional facts against Correctcare, Kemen, and the Pill Call Nurses, whom the Court also dismissed upon initial review. For the reasons stated herein, the motion for reconsideration will be granted in part and denied in part, and the motion to amend the complaint will be granted.

I.

Upon the initial review of the complaint, the Court allowed Plaintiff's 42 U.S.C. § 1983 claims to proceed against Dr. Roy Washington and Dr. Marcia Lynne Shrock in their individual capacities for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff claims that these Defendants violated the Eighth Amendment in denying him pain medication for a total of 63 days causing him severe pain.[1]

---

[1] The Court notes that service has not been properly effected upon Washington or Shrock by the U.S. Marshals Service. *See* Fed. R. Civ. P. 4(c)(3). Plaintiff has pending motions seeking to submit addresses for these Defendants. In the separate Second Revised Scheduled Order entered this date, the Court will request Correctcare to provide a notice of waiver of service for these Defendants or to provide their addresses under seal.

Upon initial review, the Court dismissed the claims against Correctcare for failure to state a claim upon which relief may be granted because Plaintiff did not allege any facts in the complaint involving Correctcare.  The Court dismissed the claims against Haas and Crall because Plaintiff sued them in their official capacities only, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and the Eleventh Amendment bars the official-capacity claims against them.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  The Court also dismissed the claims against the Pill Call Nurses because Plaintiff failed to satisfy the notice requirement of the Federal Rules of Civil Procedure.  The Court also dismissed the claims against Kemen because the only allegations against him were his denials of Plaintiff's grievances, and a plaintiff cannot maintain a § 1983 claim against a prison official based solely on the denial of his grievances.  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008).

Because Plaintiff is asserting new claims against these Defendants, the Court construes both motions as motions to amend and/or supplement the complaint.  Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within twenty-one days after serving the pleading or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The rule directs that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Moreover, Fed. R. Civ. P. 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

II.

**A. Correctcare**

Plaintiff states that Correctcare should not be dismissed because it makes the policy that governs how inmates in Kentucky State Reformatory (KSR) are to be treated and the policy that doctors have to follow in treating inmates. Plaintiff also states that Correctcare sets forth the policy that governs what kind of medicine inmates can and cannot have.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. This same analysis applies to § 1983 claims against a private corporation like Correctcare.[2] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.*; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability

---

[2]The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). Correctcare has apparently contracted with the Kentucky Department of Corrections to provide medical services to inmates at KSR.

must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Here, Plaintiff contends that Correctcare sets the policy regarding the medical treatment of inmates and how medicine is distributed. He states that the medical staff at KSR acted according to that policy in denying his pain medication. Upon review, the Court will grant Plaintiff's motion for reconsideration and motion to amend as to Correctcare and allow Plaintiff's claim against Correctcare for deliberate indifference to his serious medical needs in violation of the Eighth Amendment to proceed past initial screening.

**B.     Haas and Crall**

Plaintiff states that Drs. Haas and Crall are "the head doctors" of the Medical Department and supervise the doctors and nurses. However, he makes no allegations concerning their direct role in the denial of his pain medication.

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 694; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"

4

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Haas or Crall directly participated in any incidents of misconduct. Therefore, Plaintiff's motion for reconsideration as to his claims against Haas and Crall will be denied.

**C.     Kemen**

Plaintiff states that Dr. Kemen is in charge of the medical department, that he has "a lot of sayso on how Dr. Washington and Dr. Monica Lynn Shrock treat inmates," and that he has seen Plaintiff's grievances regarding his medication and has not tried to help fix the problem. Plaintiff also states that Kemen "has took away the Plaintiff pain medicin again about two months ago." He states that Kemen "even stop it and took it away from the Plaintiff; Because he did not [want] to give it to the Plaintiff because it was a narcotic." Plaintiff states that he has gone 30 to 40 more days without pain medication since filing the complaint, causing him to be in severe pain when he cannot take his medication.

As stated above, *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 694. Therefore, Kemen cannot be held liable under § 1983 in connection with his role as supervisor of Washington and Shrock. Nor can he be held liable for his failure to act in response to Plaintiff's grievances. *See Grinter*, 532 F.3d at 576. However, to the extent Plaintiff alleges that Kemen himself denied him pain medication resulting in severe pain, the Court construes this as a motion to supplement the complaint, and the Court will grant the Plaintiff's motion as to this claim against Kemen and

5

allow the claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Kemen in his individual capacity.[3]

**D.     Pill Call Nurses**

Plaintiff moves to amend the complaint to state additional facts against Pill Call Nurses Jane and John Doe. Plaintiff states, "It was the Nurses job to keep up with the Plaintiff medicin and reorder it, and let the doctor know when it was time to order the medicin and it was the nurses job to tell the doctor a head of time when the Plaintiff was about the run out of his medicin." He states that the Pill Call Nurses "are just as much Responsible for the Plaintiff running out of medicine" as the other Defendants. Plaintiff states that the nurses told him it was the doctors' responsibility to reorder the medicine and the doctors told him that it was the nurses' responsibility to reorder the medicine.

Upon review, the Court finds that Plaintiff has stated facts concerning Pill Call Nurses Jane and John Doe that would survive initial review under 28 U.S.C. § 1915A. The Court will therefore grant Plaintiff's motion to amend as to Pill Call Nurses Jane and John Doe and will allow his claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment to proceed past initial screening against them in their individual capacities.

**III.**

Based on the foregoing, **IT IS ORDERED** that Plaintiff's motion for reconsideration (DN 11) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to Plaintiff's claims against Correctcare and Kemen and **DENIED** as to his claims against Haas and

---

[3]The Court finds no reason to reconsider its dismissal of Plaintiff's official-capacity claims against any of the Defendants.

Crall.  **IT IS FURTHER ORDERED** that the motion to amend the complaint (DN 22) is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiff's motion for information regarding his motion for reconsideration (DN 16) is **DENIED as moot**.

The Court will enter a separate Second Revised Scheduling Order governing the development of the claims that will proceed.

Date:  April 5, 2012

                                          **Charles R. Simpson III, Judge**
                                          **United States District Court**

cc:       Plaintiff, *pro se*
           Defendants
4411.010